UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH L NICKOLS,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVE MANSFIELD, JIM PEA, JACK HASKINS, JULIE WEST, AND TERRY WILSON,<br><br>    Defendants. | CASE NO. C13-5942 BHS-JRC<br><br>ORDER |

  This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

  The Court denies plaintiff's motion asking that the Court send a person to the county jail to test the mental health medication he is receiving.

  Plaintiff filed this action stating that he was assaulted by another inmate and that jail officials failed to protect him (ECF No. 4, p. 3). Plaintiff also states that after the assault jail personnel retaliated against him and he is not getting proper religious meals (*id*.). Plaintiff also states he received inadequate medical and mental health care (*id*.).

On December 16, 2013, plaintiff filed a motion which could not be scanned into the electronic filing system because it was hand written in light pencil (ECF No. 12). The Court included the entire contents of the motion in an order it filed on December 18, 2013 (ECF No. 13). In this motion, plaintiff asks the Court to send someone to the County Jail to take mental health medication from plaintiff that he was hiding from jail officials. Plaintiff wants the medication tested because he believes that someone has changed his medication without his consent. (ECF No. 13, pp. 1-2). Plaintiff's request is about an incident occurring December 12, 2013, nearly two months after he filed his complaint (ECF No. 1).

The Court re-noted the motion for January 10, 2014 and allowed time for defendants to file a response. On December 30, 2013, defendants responded to the motion and stated that the jail contracts with Steck Memorial Clinic and that medical services are provided based on the providers own "independent professional judgment." (ECF No. 15, p. 2 ¶ 3). Further, defendants state that the jail has a grievance procedure and plaintiff could file a grievance if he believes that he is not receiving the proper medication (*id*. at ¶ 4). Defendants state that plaintiff did not file any grievance regarding the administration of his medication as described in the Court's order (ECF No. 15, p. 2 ¶ 4). The Prison Litigation Reform Act addresses the filing of complaints and causes of action. As defendants note, the relevant portion of the Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

While plaintiff's failure to file a grievance regarding medication that he is currently receiving is certainly relevant to the Court's consideration of this matter, the relief requested in

1 | plaintiff's motion is not the subject matter of the complaint itself. This is an issue that plaintiff

2 | alleges occurred after the filing of the complaint.

3 | Defendants also argue that medical care is contracted out to a private provider (ECF

4 | No.14 p .2). Who provides medical care may be relevant information that the Court would

5 | consider regarding damages, but it is not as relevant for a request for Court intervention like the

6 | one now before the Court.

7 | Furthermore, the Court denies the motion because in forma pauperis status does not

8 | waive all costs associated with litigation, only the cost of filing the action and of service of

9 | process on defendants. As a general rule, indigent civil litigants bear their own litigation

10 | expenses. *Tobron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993). If plaintiff wishes to have

11 | medication tested, he will need to make those arrangements himself. The Court will not pay for

12 | these costs. The Court denies plaintiff's motion.

13 | Dated this 21st day of January, 2014.

J. Richard Creatura
United States Magistrate Judge