UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH L NICKOLS,

        Plaintiff,

    v.

STEVE MANSFIELD,

        Defendant.

CASE NO. C13-5942 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
FEBRUARY 21, 2014

        The District Court referred this is 42 U.S.C. § 1983 civil rights matter to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

        Plaintiff asks the Court to find defendants in default (ECF No. 17). The Court recommends denying plaintiff's motion because defendants had not appeared or waived personal service at the time of plaintiff's motion.

        Plaintiff filed his motion on January 3, 2014 (ECF No. 17). The Court entered an order directing service on October 29, 2013 (ECF No. 5). No defendant initially waived personal service or accepted service by mail. Further, plaintiff did not file a motion asking the Court to

REPORT AND RECOMMENDATION - 1

1 | order the United States Marshal's Service to serve defendants.  Thus, at the time plaintiff filed
2 | his motion for default, no defendant had been properly served.

3 | Within four days of plaintiff filing his motion for default the majority of defendants filed
4 | late waivers accepting service by mail.  Defendants who appeared also filed an answer the same
5 | day that they waived personal service (ECF No. 21-25).  Thus, by the time this matter came ripe
6 | for review, defendants who had waived personal service were not in default.

7 | The Court recommends that plaintiff's motion for default be denied because default is a
8 | drastic remedy that is only appropriate in extreme circumstances and cases should be decided on
9 | the merits whenever possible. *Faulk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)(*citing Schwab v.*
10 | *Bullocks, Inc.*, 508 F.2d 353, 355 (9th Cir.1974)).  Further, it does not appear that any served
11 | defendant was ever in default.

12 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
13 | fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
14 | 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
15 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit
16 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
17 | February 21, 2014, as noted in the caption.

18 | Dated this 3rd day of February, 2014.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2