UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH L NICKOLS,<br><br>Plaintiff,<br><br>v.<br><br>STEVE MANSFIELD, JIM PEA, JACK HASKINS, JULIE WEST, and TERRY WILSON.<br><br>Defendants. | CASE NO. C13-5942 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>MARCH 7, 2014 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Plaintiff filed a motion asking for injunctive relief regarding access to courts (ECF No. 16). The Court recommends denying the motion because plaintiff is no longer in custody and he no longer has a live case and controversy regarding injunctive relief.

Plaintiff asked that the Court order the Lewis County Jail to provide legal copies and that the copies be made in his presence (ECF No. 16). Plaintiff asks the Court to order the Jail to

REPORT AND RECOMMENDATION - 1

1  provide him with pen, paper, and envelopes (*id*.).  Plaintiff also asks the Court to order the Jail to
2  "upgrade" the law library to include "all necessary law books" (*id*.).  The motion was noted for
3  January 17, 2014 and has been under consideration.  On February 4, 2014, plaintiff filed a
4  change of address and stated that he is no longer incarcerated at the Lewis County Jail (ECF No.
5  37).
6        A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded
7  as a right. *Munaf v. Geren*, 553 U.S. 674, 689–90, (2008) (citations and quotation omitted).
8  Instead, the Court must "balance the competing claims of injury and . . . the effect of the granting
9  or withholding of the requested relief." *Winter v. Natural Resources Defense Council*, 555 U.S.
10  7, 24 (2008) (*quoting Amoco Production Company v. Gambell*, 480 U.S. 531, 542 (1987)). A
11  plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of
12  success on the merits, (2) a likelihood of irreparable injury to plaintiff if injunctive relief is not
13  granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public
14  interest. *Winter*, 555 U.S. at 20.
15        The Prison Litigation Reform Act imposes additional limits on prospective relief:

> Preliminary injunctive relief must be narrowly drawn, extend no further than
> necessary to correct the harm the court finds requires preliminary relief, and be
> the least intrusive means necessary to correct that harm. The court shall give
> substantial weight to any adverse impact on public safety or the operation of a
> criminal justice system caused by the preliminary relief and shall respect the
> principles of comity set out in paragraph (i)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "N]o longer may courts grant or approve relief that binds prison
administrators to do more than the constitutional minimum." *Gilmore v. People of the State of
Cal.*, 220 F.3d 987, 999 (9th Cir.2000).

      Now that plaintiff is not incarcerated at Lewis County Jail, he does not rely on the Jail for
legal access and does not state a live case or controversy regarding injunctive relief.  A person's

REPORT AND RECOMMENDATION - 2

1  alleged past exposure to improper conduct does not rise to the level of a live case and
2  controversy if not accompanied by continuing present adverse effects. *City of Los Angeles v,*
3  *Lyons*, 461 U.S. 95, 102 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).  The Court
4  recommends denying plaintiff's motion for injunctive relief (ECF No. 16).
5           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
6  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
7  6. Failure to file objections will result in a waiver of those objections for purposes of de novo
8  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
9  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
10 March 7, 2014, as noted in the caption.
11
12          Dated this 11th day of February, 2014.
13
14                                                  _____
15                                                  J. Richard Creatura
                                                    United States Magistrate Judge