1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  JOSEPH L NICKOLS,

11              Plaintiff,

12       v.

13  STEVE MANSFIELD, JIM PEA, JACK
    HASKINS, JULIE WEST, TERRY
14  WILSON,

15              Defendants.

CASE NO. C13-5942 BHS-JRC

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO COMPEL
DISCOVERY

16

17

18

19

20

21

22

23

24

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate

Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1,

MJR 3, and MJR 4.

Before the Court is defendants' motion to compel discovery (Dkt. 41).  Plaintiff did not

respond to the motion.  Defendants ask the Court to compel plaintiff to answer deposition

questions concerning plaintiff's conversion from one religious faith to another (*id*.).  Plaintiff

refused to answer the question citing the First Amendment freedom of religion clause (Dkt. 42,

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL
DISCOVERY - 1

1  Exhibit 6, ECF pp. 30-31).  Plaintiff has also allegedly refused to answer interrogatories or

2  requests for production (Dkt. 41).

3        This action involves claims including defendants allegedly denying plaintiff his religious

4  rights (Dkt. 4, page 4). Thus, plaintiff's religious beliefs, his practice of religion, and his

5  conversion from one faith to another are all relevant areas of inquiry.  During the deposition

6  itself the parties met and conferred regarding this issue and the following conversation was

7  transcribed:

8        Q.      And what were the circumstances of you converting to Muslim in the year
                 2000?

9        A.      I believe that question about my faith and my reason for conversion is
                 irrelevant.

10       Q.      It actually is relevant because you have a claim based on your religion. So
                 are you refusing to answer it?

11       A.      Yes. Under the First Amendment I have a right to practice any religion,
                 and I don't have to disclose to why I practice that religion.

12       Q.      Well, part of your claim for religion requires you to make a showing that
                 it's a sincerely held belief and so I am permitted to inquire about the

13               circumstances of when you acquired those beliefs.  And I will tell you that
                 if I have to move the court to compel you to come back here, it can

14               sanction you and there may be penalties for that so I would prefer not to
                 have to do that?

15       A.      I fully understand your position, and I still hold my same grounds as
                 refusing to answer that question.

16       Q.      Have you ever attended a mosque?
         A.      I refuse to answer that question.

17
   (Dkt. 42, Exhibit 6, ECF p. 30-31).

18
        Fed. R. Civ. P. 37(a)(1) requires a person moving to compel discovery to "include a

19
   certification that the movant has in good faith conferred or attempted to confer with the person or

20
   party failing to make disclosure or discovery in an effort to obtain it without court action."  *See*

21
   Fed. R. Civ. P. 37(a)(1).  While defendants did not provide a separate certificate showing

22
   compliance with Fed. R. Civ. P. 37, the excerpt from the deposition shows counsel making a

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL
DISCOVERY - 2

1  good faith effort in a face to face meeting to resolve the discovery dispute regarding the

2  deposition.

3         The Court grants the motion to compel discovery regarding the deposition questions.  If

4  defendants choose to take an additional deposition of plaintiff, the Court orders that plaintiff

5  answer questions regarding his conversion from one religion to another and to answer the

6  questions he refused to answer that were set forth in (Dkt. 42- Exhibit 6, ECF p. 30-31).

7         The record does not reflect that the parties met or conferred after plaintiff did not provide

8  the written discovery requests.  Pursuant to Fed. R. Civ. P. 37(a)(1), the Court denies this motion

9  to compel without prejudice.

10

11        Dated this 9th day of June, 2014.

12

13        _____
          J. Richard Creatura
14        United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL
DISCOVERY - 3