UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH L NICKOLS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE MANSFIELD, JIM PEA, JACK HASKINS, JULIE WEST, TERRY WILSON,<br><br>　　　　　　　Defendants. | CASE NO. C13-5942 BHS-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO COMPEL DISCOVERY |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Defendants filed a motion for summary judgment that is ripe for review (Dkt. 43). Plaintiff did not respond to the motion and instead filed a motion for appointment of counsel (Dkt. 47), and a motion to compel discovery (Dkt. 48).

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL AND MOTION
TO COMPEL DISCOVERY - 1

1              1.      Appointment of counsel.

2       This is plaintiff's second motion for appointment of counsel (Dkt. 6 and 47). Plaintiff's second motion for appointment of counsel is very similar to his first. Plaintiff states that he cannot afford a lawyer, is proceeding in forma pauperis, is imprisoned, and that he believes the issues are complex (Dkt. 47). Plaintiff does not set forth any exceptional circumstances to justify appointment of counsel. Further, plaintiff is facing a dispositive summary judgment motion that he has not responded to and he does not show a likelihood of success on the merits.

        No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

        Plaintiff states that he cannot afford to hire counsel (Dkt. 47). However, the inability to hire counsel is not an exceptional circumstance warranting appointment of counsel. This case

1    does not involve complex facts or law and plaintiff has shown an ability to articulate his claims

2    in a clear fashion understandable to the Court.  Further, plaintiff does not show that he is likely to

3    succeed on the merits of his case.  Accordingly the Court denies plaintiff's motion for

4    appointment of counsel.

5        2.    Compelling discovery.

6    Plaintiff moves to compel and states that he has filed sixteen different requests for

7    discovery (Dkt. 48).  He then makes a number of generic statements that he has not received all

8    the policies he requested or all the jail files he requested.  He also states that defendants did not

9    provide him with files regarding another inmate, Dominick Combs (Dkt. 48, p. 3).  Plaintiff

10   alleges that inmate Combs attacked him.

11   Plaintiff states that he requested "Jail files and incident reports." (Dkt. 48, p. 2.)  Plaintiff

12   also states that he did not receive information in his seventh through ninth requests, but he does

13   not identify what information he sought or what response he received (Dkt. 48, p. 3). Plaintiff

14   states that he requested personnel files from defendants, but he does not state what response he

15   received or what objections were made (*id*.).

16   Local Civil Rule 37 requires the parties to meet and confer regarding discovery before the

17   filing of a motion to compel.  The same rule sets forth the requirement that a party seeking to

18   compel discovery must set forth the request and the response in full.  *See*, Local Civil Rule

19   37(a)(2)(B).  Plaintiff's motion does not comply with the Court rules.  Further, defendants

20   oppose the motion and note that the requests are vague and that they were either responded to or

21   an objection was filed (Dkt. 50, p. 1).

22   Defendants make specific objections to a discovery request for all documents that

23   "contain, mention, construe or refer to policies on staff supervision of inmates at the Lewis

24

1  County Jail." (Dkt. 50.) Defendants argue that the request is overly broad and that they provided

2  plaintiff with a printout of policies by number and title and invited him to narrow his request

3  (Dkt. 50, p. 5). Defendants allege that plaintiff refuses to narrow his requests (*id.*).

4  Defendants argue that plaintiff has received documents concerning his activities at the jail

5  and that plaintiff has not identified what other records he seeks (Dkt. 50, p. 5). Defendants also

6  argue that information regarding other inmates is protected by state law and plaintiff seeks

7  information regarding incidents that he was not a party to including all inmates on inmate

8  assaults in the facility since January 1, 2007 (Dkt. 50, p. 6). Defendants argue the information

9  sought is overly broad, not likely to lead to admissible evidence, and that the information calls

10 for confidential information regarding other inmates that is protected by state law (Dkt. 50, p. 6).

11 Defendants make a number of arguments why the personnel files of defendants are not

12 discoverable. One of the arguments is that there is no misconduct or discipline information

13 related to facts of this law suit (Dkt. 50, p. 8). Defendants also note that the personnel files are

14 confidential under both state and federal law (Dkt. 50, p. 8).

15 In the remainder of their response, defendants argue that either they have provided all

16 information in their possession or the request is improper (Dkt. 50, pp. 11-12). Plaintiff did not

17 file any reply.

18 Plaintiff has not provided any evidence showing that the parties conferred in good faith.

19 Fed. R. Civ. P. 37 and Local Rule 37 both require a good faith effort to settle discovery disputes

20 before filing a motion. This alone is grounds for denial of plaintiff's motion. Although the court

21 must construe a pro se litigants pleadings liberally, "[p]ro se litigants must follow the same rules

22 of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see*

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL AND MOTION
TO COMPEL DISCOVERY - 4

Case 3:13-cv-05942-BHS   Document 55   Filed 09/02/14   Page 5 of 5

1 | *also, Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (per curiam); *Ghazali*
2 | *v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

3 |     Plaintiff's failure to follow the rules for filing a motion to compel and his not setting forth
4 | the request and response place the Court in a position where the Court cannot properly evaluate
5 | his requests. Accordingly plaintiff's motion to compel is denied.

6 |     Dated this 2nd day of September, 2014.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL AND MOTION
TO COMPEL DISCOVERY - 5