UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH L NICKOLS,

               Plaintiff,

    v.

STEVE MANSFIELD, JIM PEA,
JACK HASKINS, JULIE WEST,
TERRY WILSON,

               Defendant.

CASE NO. C13-5942 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
SEPTEMBER 26, 2014

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

      Currently before the Court is defendants' motion for summary judgment (Dkt. 43). All defendants except Terry Wilson join in this motion. The Court was not able to serve defendant Wilson. The Court requested that plaintiff provide another address so that the Court could attempt to perfect service on this defendant (Dkt. 34). Plaintiff did not provide any further

1  information and defendant Wilson has not been served.  It has been well over 120 days since

2  plaintiff commenced this action.

3        The Court recommends granting defendants' motion because plaintiff failed to exhaust

4  his reasonably available administrative remedies and he cannot now go back and exhaust those

5  remedies.  The Court does not reach the merits of any issue.  The Court recommends dismissal of

6  the claims against Terry Wilson without prejudice for failure to perfect service.

7                                    OVERVIEW

8        Plaintiff alleges a failure to protect him from an attack by another inmate at the Lewis

9  County Jail (Dkt. 4, p. 3).  Plaintiff also alleges that after the assault, jail personnel retaliated

10  against him and that he did not always receive a Muslim diet (Dkt. 4, p. 3).  Plaintiff's other

11  allegations are for lack of proper medical treatment for injuries he received in the assault and for

12  failure to provide proper medications for his mental health (Dkt. 4, p. 3).

13        The named defendants are Lewis County Sheriff Steve Mansfield, Lieutenant Jim Pea,

14  Sergeant Jack Haskins, and Correctional Officer Julie West.  The other named defendant, Doctor

15  Terry Wilson, was never served and is no longer a proper party to this action.  *See* Fed. R. Civ. P.

16  4(m) (plaintiff had 120 days from commencement of the action to perfect service). This action

17  was commenced October 29, 2013, when the Court granted plaintiff's motion to proceed in

18  forma pauperis and the Clerk's Office filed the complaint (Dkt. 4).

19        The Lewis County Jail has a formal grievance process and the policy is attached as an

20  exhibit to the declaration of Kevin Hanson (Dkt. 45-1 pp. 31-32).  An inmate has 24 hours after

21  an incident to file a grievance (*id.*).  Further, the inmate has 72 hours after receiving a grievance

22  response to file an appeal (*id.*).

23  /

24

FACTS

On April 23, 3013, Officer Julie West allowed plaintiff to exit his cell for his "hour out." (Dkt. 46 pp. 1-2 (declaration of Julie West)). The jail housed plaintiff in an Intensive Management Unit and he was allowed out of his cell only for meals and one hour of recreation each day (*id.*).  Inmates on this status are let out one at a time for recreation and are supposed to be by themselves (Dkt. 46, pp. 1-2 ¶ 3 (declaration of Julie West)). Unbeknownst to officer West, inmate Domenic Combs was hiding in the shower.  When Officer West let plaintiff out, inmate Combs and plaintiff fought with each other.  Defendant West states in her report that as the door opened she heard other inmates in the unit yelling.  When she looked into the unit she saw an inmate with no shirt in the dayroom area.  She called for backup and other officers arrived and separated the inmates (Dkt. 46, attached report).

Plaintiff broke his nose during the fight, but he denied injury and refused medical treatment on the day of the incident (Dkt. 45-1 (Declaration of Kevin Hanson, Exhibit 5)). The same exhibit shows plaintiff complaining of a broken nose the next day and medical staff ordered X-rays.  The X-ray disclosed a "nondisplaced fracture of the right side of the nasal bones." (Dkt. 45-1, Exhibit 6).

Plaintiff alleges that since the fight he has been retaliated against by not getting proper meals.  That his nose was not fixed properly, and that he has not received proper medication for his mental health issues (Dkt. 4).

Defendants move for summary judgment arguing that plaintiff failed to exhaust administrative remedies.  While defendants raise other arguments, the Ninth Circuit has stated that failure to exhaust administrative remedies should be addressed at the outset before reaching

1  the merits.  *Albino v. Bacca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014).  Plaintiff did not file a

2  response to defendants' motion.

3  STANDARD OF REVIEW

4  In federal court, summary judgment is required pursuant to Fed. R. Civ. P. 56(a) if the

5  evidence, viewed in the light most favorable to the nonmoving party, shows that there is no

6  genuine issue as to any material fact.  *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th

7  Cir.1997).  Once a party has moved for summary judgment Fed. R. Civ. P. 56(c) requires the

8  nonmoving party to go beyond the pleadings and identify facts that show that a genuine issue for

9  trial exists.  *Id*. at 323-24; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

10  DISCUSSSION

11  1.      Administrative remedies.

12  The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever

13  administrative remedies are available to him prior to filing a complaint in federal court.  The

14  relevant portion of the act states:

15  No action shall be brought with respect to prison conditions under section 1983 of
this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
16  correctional  facility  until  such  administrative  remedies  as  are  available  are
exhausted.

17  42 U.S.C. § 1997e(a).

18

19  Here, plaintiff filed this action while incarcerated and the Act applies to him.  *See* 42

20  U.S.C. §1997e(h).  The statute defines prisoner to include any person confined in a facility for a

violation of criminal laws, including persons accused of or convicted of crimes.

21

22  The Ninth Circuit has set forth the frame work for considering a motion to dismiss for

failure to state a claim.  Failure to exhaust under the PLRA is "an affirmative defense the

23  defendant must plead and prove." *Albino v. Bacca*, 747 F.3d 1162, 1166 (9th Cir. 2014)' (*citing

24

1  *Jones v. Bock*, 549 U.S. 199, 204, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).  Defendants

2  must show that there "was an available administrative remedy, and that the prisoner did not

3  exhaust that available remedy."  *Albino* at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767,

4  778 n. 5 (9th Cir.1996)).  A motion for failure to exhaust should be decided before reaching the

5  merits of any claim and if feasible at the outset of litigation.  *Albino* at 1170-1171.

6         Here, defendants meet their burden of proof by providing documents showing that

7  plaintiff used the grievance system and was familiar enough with the system to file grievances

8  and appeals (Dkt. 45-1 pp. 34-47). Plaintiff failed to appeal any grievance regarding the issues in

9  this complaint.  Plaintiff only filed appeals twice (Dkt. 45-1, p. 46).  One of plaintiff's appeals

10  addresses the sending and receiving of mail (Dkt. 45-1, pp. 46-47, Exhibit 9).  Plaintiff's second

11  appeal addressed the issue of searching legal mail (*id.*). Thus, none of the issues in this complaint

12  have been properly exhausted.

13         Once defendants have met their burden, plaintiff must come forward with evidence

14  showing that the administrative remedy was not available to him.  *Albino* at 1172.  Plaintiff did

15  not respond to the motion for summary judgment.  Accordingly, the Court recommends

16  dismissal of this action for failure to exhaust administrative remedies without reaching the merits

17  of any claim.

18         Having recommended dismissal of the action, the next issue is whether the dismissal

19  should be with or without prejudice.  Prior to 2014 the dismissal would have been without

20  prejudice.  *Wyatt v. Terhune*, 305 F.3d 1033, 1045 (9th Cir. 2003).  The Ninth Circuit overruled

21  *Wyatt* and held that a motion to dismiss for failure to exhaust administrative remedies should be

22  considered under the summary judgment framework.  *Albino v. Bacca*, 747 F.3d 1162, 1166 (9th

23  Cir. 2014).  This means that instead of considering the issue as a matter being held in abatement

24

1   (*Wyatt* at 1045), the Court considers the dismissal on the merits pursuant to Fed. R. Civ. P. 56.

2   *Albino* at 1166.  In some cases, where an inmate can return to the state grievance system and

3   exhaust his claim, dismissal without prejudice is appropriate.  Here, however, the jail's grievance

4   system requires the filing of a grievance within 24 hours of the incident (Dkt. 45-1, p. 31).  Thus,

5   plaintiff may not exhaust his claims.  Further, plaintiff is no longer an inmate at the Lewis

6   County Jail and his current address on file with the Court is in Chehalis, Washington.  Thus, he

7   is not an inmate and could not use the grievance system.  The Court concludes that the action

8   should be dismissed with prejudice as plaintiff is unable to exhaust his administrative remedies.

9          2.       Defendant Wilson.

10         Fed. R. Civ. P. 4(m) requires a defendant be served within 120 days after a

11  commencement of the action.  Fed. R. Civ. P. 4(l) requires an affidavit of proof of service be

12  filed with the court.  Although the complaint in this matter was filed on October 29, 2013, the

13  record does not show that the complaint has been served properly on defendant Wilson. (*see* Dkt.

14  4). *See also* Fed. R. Civ. P. 4(l) (proving service).

15         Fed. R. Civ. P. 4(m) requires the court to provide notice to plaintiff before the matter may

16  be dismissed for lack of prosecution.  This Report and Recommendation provides plaintiff with

17  that notice and he has the opportunity to object.  The Court recommends dismissal of defendant

18  Wilson from this action without prejudice.

19         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

20  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

21  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

22  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

23

24

REPORT AND RECOMMENDATION - 6

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

September 26, 2014, as noted in the caption.

Dated this 2nd day of September, 2014.

J. Richard Creatura
United States Magistrate Judge